# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| RAS LA'EL BEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CRAIG SUTTON, )<br>d/b/a Arlington Auto Sales; )<br>SOUTH GEORGIA INVESTIGATIVE )<br>AGENCY INC. )<br>)<br>Defendant. ) | Case No. CV413-205 |

## REPORT AND RECOMMENDATION

Using "The Moorish National Republic" letterhead, *pro se* plaintiff Ras La'el Bey moves for leave to file *in forma pauperis* (IFP) a 42 U.S.C. § 1983 complaint against what appears to be an automobile repossessor and towing company following Bey's default on a loan.[1]  Doc. 1 at 6-7.

---

[1]  Similar to what the plaintiff did in *Lee-El v. Dover Police Department*, 2013 WL 3963477 at * 1 n. 1 (D. Del. July 29, 2013), Bey (if that is his real name) signed his complaint using this signature block:

> Ras La'el Bey
> In Propria Persona, Sui Juris
> Ex Rel. LAEL SHARROD FAUST
> "All Rights Reserved"
> U.C.C.-103,207,308

The Court **GRANTS** Bey's IFP motion (doc. 2), but upon screening, his complaint must be **DISMISSED** for lack of subject-matter as well as diversity jurisdiction. 28 U.S.C. § 1915(e)(2)(B) (requiring the court to screen all IFP complaints to determine they state a valid claim for relief).

---

Doc. 1 at 7; *see also* doc. 2 at 2 (his IFP motion signed "Ras Lael Bey 'All Rights Reserved'"). In *Lee-El*, the plaintiff "was told to sign the documents without the 'A.R.R.' or the 'UCC 1–207/1–103.'" *Lee-El*, 2013 WL 3963477 at * 1 n. 1. As the "All Rights Reserved" qualification is a legal nullity, the Court will disregard it.

It is worth noting, meanwhile, that other courts have encountered this mythical "republic." *Ali v. Tucker*, 2013 WL 1858785 at * 1 (E.D. Pa. Apr. 10, 2013) ("The plaintiff, Carol Briggs Ali, who is proceeding as a Natural Person, in Propria Persona, Sui Juri, has identified herself as an aboriginal Moorish American national, and a citizen of the Moorish National Republic Federal Government, Northwest Africa, and as participant in the Moorish Divine and National Movement of the World-the North Gate."); *Bey v. City of Rochester*, 2012 WL 1565636 at * 1 (W.D.N.Y. Apr. 30, 2012) ("We have a freehold estate under the Moorish Empire in North, South, Central America (Amexems) and the adjoining islands."); *see also id.* (claiming to proceed "pursuant to . . . FREE MOORISH–AMERICAN ZODIAC CONSTITUTION").

But as one court has authoritatively explained, *El Ameen Bey v. Stumpf*, 825 F. Supp. 2d 537 (D.N.J. 2011), "submissions . . . heavily laden with Arabic and quasi-Arabic terminology, designations of geographic locales composed ... of Earth coordinates combined with references to imaginary 'principalities' and 'territories,' ... and riddle-like, self-created 'Marrakush' argot," *id.* at 543 (quotes and cite omitted) do not comply with the short and plain pleading requirement of the federal rules. *Id.* at 557 (plaintiffs were not entitled to relief with regard to any claims against bank, where pleading was 18 pages long, single-spaced, and full of gibberish mixed with senselessly-picked Latin terms, constitutional phrases, and pointless rhetoric). Should Mr. Bey seek to file anything further in this case, he shall do so without the "Moorish National" (etc.) qualifiers. He shall also affirm, under penalty of perjury and citing to 28 U.S.C. § 1746 (permitting written, unsworn declaration subscribed in proper form as true under penalty of perjury to substitute for an affidavit), that Ras La'el Bey is in fact his full legal name. Plaintiff may not prosecute this action using an alias.

Bey has failed to plead diversity jurisdiction,[2] and what he has pled indicates that he has sued a fellow state citizen and Georgia "investigative agency," towing company, or both. His claim to Moorish-American status, for that matter, does not support diversity jurisdiction. *Smith ex rel. Bey v. Kelly*, 2012 WL 1898944 at *2-3 (E .D.N.Y. May 24, 2012), cited in *Bey v. Supreme Court of New York*, 2013 WL 2304101 at * 2 (E.D.N.Y. May 24, 2013) (collecting cases).

No subject matter jurisdiction exists, either, because plaintiff's claims against a private individual and entity fail for lack of state action. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003), cited in *Stringer v. Doe*, 503 F. App'x 88, 890-91 (11th Cir. 2013) (§ 1983 complaint brought against sheriff, deputies, diving center employees, and Doe defendants following altercation at campsite and in diving center failed to state claim against any of the defendants, warranting sua sponte dismissal; Doe defendants and dive

---

[2] "Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998)." *Leyva v. Daniels*, 2013 WL 5313600 at * 1 (11th Cir. Sept. 24, 2013). It is plaintiff's burden to plead and show diversity jurisdiction. *Empire Petroleum Partners, LLC v. Patel*, 2013 WL 5606905 at * 2 (N.D. Ga. Oct. 11, 2013).

3

shop employees were non-state actors who did not commit any acts under color of state law); *Sutherland v. Chisolm*, 2013 WL 709823 at * 3 (S.D. Ga. Feb. 13, 2013). Given the sheer frivolity of Bey's complaint, a re-pleading option, *see Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010), is not warranted here.

Accordingly, the complaint must be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this 29th day of October, 2013.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
**SOUTHERN DISTRICT OF GEORGIA**